OPINION of the Court, by
Ch, J.Boyie.
This, is a controversy for land. The appellant having the elder ~ran£ the apncllee filed Ms bill, asserting his superior equity, foamed upon the following entry, viz.
« 19th of May ⅛780 — Martin Hardin enters 1000 arres Up0n treasury warrant No. 2684, on the waters of arreen river, on a -west fork of a creek heading against Hardin’s creeks to include the head waters of said creek, ans] an improvement of Leighton White’s.”
Leighton White’s improvement is identified by the proof in the cause beyond controversy ; and if if were generally known at the date of the entry by those con-vereant in its vicinity, the location would be sufficiently established, without the aid of the other objects called for : for they were only intended as matter of description to direct a subsequent inquirer to the improvement, the only locative object called for; and if the latter were generally known in its neighborhood, such description would be unnecessary for such purpose : for a subsequent locator must be presumed to know that *577 'vUi'i: was generally known by those conversant in its no! uborhood.
That Whites improvement was at the date of the entry in question generally known by those conversant in its vicinity, is entirely probable. It appears to have been made early in the preceding tear, by a company of explorers composed of WThite and several others, to all of whom it must have been known ; and it is pr >ved to have been known to a majority of the settlers in Hardin’s station, which had been established about a month before, the entry was made, at the distance of about 3 or 4 miles from the improvement, and was the only settlement within less than 30 or 40 miles. Besides, as Hardin’s station was so remote from the other settlements of the country, it is natural to'suppose that it was the only place to which persons desirous of obtaining information of the improvements or other objects of location in its neighborhood would have resorted ; and it is .impossible to. believe, from the evidence in the cause, that any person could have gone there with a view of obtaining such information, without being informed of W hite’s improvement. In addition, therefore, to those who are positively proven to have known of the improvement, the presumption is strong, that all those who were conversant in the neighborhood, after the settlement of Hardin’s station, must have became acquainted with the improvement; and this presumption is in no slight degree fortified by the consideration that the improvement was itself rather remarkable, as it (¡insisted of a cabin, which was at that time not very common in that paid of the country, and was consequently calculated to attract attention and excite inquiry. Independent, therefore, of the general calls of description, we» are of opinion the entry is sufficiently establisited ; but ⅞⅜⅛⅜⅛ necessary for the support of the entry, we should also think those calls, though the proof with respect to them is not perfectly satisfactory, might afford some aid to the location; for the improvement is in fact upon a west fork of a creek which empties into Green river, and heads against what is now and has been long well known by “ Hardin’s creek.” It is true that Hardin’s creek had before the settlement of Hardin’s station, been known by a different name ; aiHl although the proof is not precise as to the time when the former name was abandoned, and that of Hardin’s creek came into general use, yet as the *578 latter was assumed in consequence of the settlement of Hardin’s station on the creek, the presumption is pretty strong'!!¡at the change in its coinniencement at least must have bien coeval will» the settlement of the station, and that the creek was at the date of the entry sufficiently known in its neighborhood, by the namesfoi Hardin’s creek to render ,a call for it by that name good.
The decree oí the court below sustaining the entry is, therefore, correct, and must be affirmed with costs.